**RIVERBANK LABORATORIES, a corporation, Plaintiff-Appellee,**

v.

**HARDWOOD PRODUCTS CORPORATION, a Corporation, Defendant-Appellant.**

**No. 11213.**

United States Court of Appeals
Seventh Circuit.

Aug. 24, 1956.

David A. Fox, Milwaukee, Wis., Gerrit P. Groen, Chicago, Ill., for appellant.

Jack H. Oppenheim, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Plaintiff seeks an injunction restraining defendant from using the term "Riverbank" in its business. Jurisdiction is based upon diversity of citizenship.

Plaintiff moved for a temporary injunction. Defendant moved to dismiss the action because of a lack of proper venue. The District Court denied the motion to dismiss but granted the motion for a temporary injunction.

When this appeal was here previously, 220 F.2d 465, we pointed out that in diversity cases the law of Illinois must control; that this court had applied Illinois law on the question of doing business in that State in previous decisions such as Canvas Fabricators, Inc., v. William E. Hooper & Sons Co., 7 Cir., 199 F.2d 485, opinion by Judge Major, and in Roberts v. Evans Case Co., 7 Cir., 218 F.2d 893, opinion by Judge Lindley. Following the rule laid down in those two cases, the opinions of which were written by two distinguished jurists long acquainted with Illinois law, we held defendant was not doing business in Illinois and, therefore, was not present in that State when this action was commenced. We decided the denial of defendant's motion to dismiss for lack of proper venue was error. The Supreme Court granted certiorari, 350 U.S. 817, 76 S.Ct. 47. After oral argument that Court gave consideration over a period of some months to the issue raised. Finally, on May 4, 1956, a brief order was entered, the essential part of which is as follows: "The Court is of the opinion that the District Court correctly found there was proper service upon defendant in this case. Accordingly, the judgment of the Court of Appeals is reversed. It is further ordered that this cause be, and the same is hereby remanded to the Court of Appeals for the Seventh Circuit for further proceeding in conformity with the opinion of this court."

Our difficulty is, there was no opinion by the Supreme Court with which to conform. We interpret the order to mean that for some reason still unknown to us, the service upon defendant was good and we should proceed to consider upon the merits whether the District Court was justified in granting plaintiff's motion for a temporary injunction.

In 1921 plaintiff, Riverbank Laboratories, was organized as a corporation, not for profit, under the laws of Illinois. It succeeded a sole proprietorship called "Riverbank Laboratories," which had been created in 1912. From 1912 to 1921 Riverbank Laboratories was located at Geneva, Illinois. It carried on scientific research and experimentation in the field of acoustics, insulation of sound and related matters. After its incorporation in 1921 plaintiff carried on similar activities at Geneva in the same buildings and laboratories which had been constructed and used by its predecessor.

On September 12, 1936 defendant entered into a contract with a partnership, not the plaintiff, named "Riverbank Insulating Door Company." Plaintiff was a partner in this partnership. Under the contract defendant was granted, upon a royalty basis, the exclusive right to manufacture and sell the Riverbank Sound Insulating Door throughout the United States. At that time the sound proof door was covered by an application for a patent which eventually issued on May 11, 1937 as U. S. Patent No. 2,079,878.

The license contract granted to defendant the "exclusive right to manufacture and sell the Riverbank Sound Insulating Doors." It also provided "the Hardwood Products Corporation agrees not to manufacture, sell or advertise for sound insulating purposes, any door or any device connected therewith except doors and devices covered by agreement with the Riverbank Insulating Door Company and not to depart from the present design and specifications without the advice and consent in writing of the Riverbank Insulating Door Company." It was further provided by said agreement that it could be terminated by either party upon ninety days' written notice.

The partnership "Riverbank Insulating Door Company" was composed of the individual Paul E. Sabine, the inventor of the door in question, and the owner of one-half of the licensed patent; plaintiff,

Riverbank Laboratories, owner of the other half of the licensed patent, and an individual, Frederick E. Ludlow. At no time was plaintiff engaged in the business of manufacturing and selling "Riverbank" doors or any other type of doors.

Operating under its license, defendant initiated and built up a nation-wide business in Riverbank doors. In the trade the doors were designated by the name "Riverbank," and defendant offers to prove that the public identified defendant as the source of "Riverbank" doors.

Riverbank Insulating Door Company was dissolved on March 30, 1954. Patent No. 2,079,878 covering the sound insulating door expired on May 11, 1954. On January 11, 1951 defendant applied for United States Trade-mark Registration No. 553213. Plaintiff claims that no notice of the application for this registration was given to it, but the existence of the registration was made known to plaintiff prior to the expiration of Patent No. 2,079,878, and while defendant was still licensed thereunder. Thereupon plaintiff attempted to cancel the license.

Plaintiff's theory of the case is that for many years plaintiff's name "Riverbank" had been associated in the public's mind with plaintiff's long standing reputation in the field of acoustics, sound insulation and related fields; that during the term of the patent plaintiff lent its name to and sponsored and vouched for the product; that upon the expiration of the patent, the design and specifications of the product were no longer subject to plaintiff's control. Plaintiff asserts defendant's use of the name "Riverbank" was unauthorized, was in violation of its rights and was also a gross deception of the public. There is no proof in this record that defendant was engaged in gross deception of the public. For almost eighteen years from the date of the contract to the date of the expiration of the patent, plaintiff agreed to the use by defendant of the term "Riverbank" in connection with its sales of sound insulating doors complying with the claims of the Sabine patent.

One difficulty we have in determining whether the issuance of the temporary injunction was an abuse of discretion is that no testimony was taken in the court below. There were, at that time, three depositions on file and two affidavits were before the court upon the motions then presented. The record before us is largely directed to the issue of venue. Among the questions in dispute is whether there was a continuity of activity by plaintiff, it being defendant's claim that plaintiff was dormant after it had entered an agreement with Armour Research Foundation and Illinois Institute of Technology. Also in dispute is whether plaintiff ever vouched for the characteristics of any doors manufactured by defendant. It is, apparently, admitted that there never has been any direct contractual relationship between plaintiff and defendant.

Upon this state of the record we think it was an abuse of discretion to issue the temporary injunction.

As to the rights of the parties after the expiration of the patent, the court, in Scott Paper Company v. Marcalus Company, 326 U.S. 249, at page 256, 66 S.Ct. 101, at page 104, 90 L.Ed. 47, said: "By the force of the patent laws not only is the invention of a patent dedicated to the public upon its expiration, but the public thereby becomes entitled to share in the good will which the patentee has built up in the patented article or product through the enjoyment of his patent monopoly. Hence we have held that the patentee may not exclude the public from participating in that good will or secure, to any extent, a continuation of his monopoly by resorting to the trademark law and registering as a trademark any particular descriptive matter appearing in the specifications, drawings or claims of the expired patent, whether or not such matter describes essential elements of the invention or claims. Kellogg Co. v. National Biscuit Co., supra, 305 U.S. [111] 117–120, 59 S.Ct. [109] 113–114, 83 L.Ed. 73; Singer Manufacturing Co. v. June Manufacturing Co., 163 U.S. 169, 185, 16 S.Ct. 1002, 1007, 41 L.Ed. 118."

**258**

Plaintiff specifically disclaims any rights to "Riverbank" as a technical trade-mark. Although the term is not used in its complaint, it is apparent that plaintiff's claim is based upon unfair competition. We refrain from expressing any opinion as to whether plaintiff can sustain such a claim after a trial is had upon the merits. All we decide here is that on this record plaintiff did not make a showing of unfair competition upon which to base the issuance of a temporary injunction.

Reversed and remanded for a trial upon the merits.